In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-642V
Filed: September 21, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SAMUEL JOHNSON, | \* |
| Petitioner, | \* |
| v. | \* |
| | \* Attorneys' fees and costs decision; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* reasonable attorneys' fees and costs |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Amber D. Wilson</u>, Washington, DC, for petitioner.
<u>Lisa A. Watts</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 22, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that his receipt of influenza ("flu") vaccine on September 13, 2011 caused him to develop neurologic injuries including chronic inflammatory demyelinating polyneuropathy ("CIDP"). On April 6, 2017, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation.

On September 14, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $53,342.20 and attorneys' costs in the amount of $31,908.71, for a total request of $85,250.91. In accordance with General Order #9, petitioner's counsel noted in the fee application that petitioner has not advanced any funds in the prosecution

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.


of his claim.

On September 20, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. On September 21, 2017, petitioner filed a reply to respondent's response.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. However, the hourly rate requested for petitioner's attorney, Ms. Amber Wilson, is excessive. Petitioner requests the following hourly rates: $295.00 for Ms. Wilson's work performed in 2014-15, $301.00 for her work performed in 2016, and $308.00 for her work performed in 2017. Ex. 45, at 1-22. According to Ms. Wilson's declaration, she was admitted to practice in Florida on September 27, 2012 and was admitted in Washington D.C. on July 11, 2014. Ms. Wilson Aff. at 1. Prior to law school, she earned a master's degree in Genetics and a doctorate degree in Molecular and Cellular Pharmacology. Id. In 2011-12, Ms. Wilson worked as a law clerk in a litigation practice. Id. at 2. In 2013-14, Ms. Wilson worked for approximately one year as a law clerk in the Office of Special Masters for the United States Court of Federal Claims ("OSM"). Id. Ms. Wilson has practiced before the Vaccine Program within the United States Court of Federal Claims since June 30, 2014. Id.

McCulloch suggests an hourly rate of $150.00 to $225.00 for attorneys with less than four years of experience and an hourly rate of $225.00 to $300.00 for attorneys with four to seven years of experience in the Vaccine Program. McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Solomon explains that time spent as a law clerk, even at the Office of Special Masters for the United States Court of Federal Claims ("OSM"), does not count toward years of experience determining the individual's appropriate McCulloch range. Solomon v. Sec'y of HHS, No. 14-748V (Fed. Cl. Spec. Mstr. Oct. 27, 2016). Because Ms. Wilson is located in the forum, Washington, D.C., she is entitled to forum rates. However, Ms. Wilson did not reach the four year level until 2016. Although Ms. Wilson has an advanced degree and additional expertise due to her time as a law clerk at the OSM, these factors influence the rate to be awarded within the appropriate range. They do not warrant a move to a higher range. Id. Therefore, in consideration of Ms. Wilson's skill, experience, and quality of work, the undersigned finds that the appropriate hourly rate for Ms.

Wilson's work performed in 2014-15 is $225.00, in 2016 is $275.00, and in 2017 is $290.00. As Ms. Wilson billed 77.30 hours of time for work on the case in 2014-15 at a rate of $295.00, 61.60 hours in 2016 at a rate of $301.00, and 8.70 hours in 2017 at a rate of $308.00, **the undersigned reduces petitioner's attorneys' fees for Ms. Wilson's work by $7,169.20**.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. She reduces petitioner's award by $7,169.20, reflecting a reduction of the hourly rates awarded for Ms. Wilson. Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.

Accordingly, the undersigned awards a total award of **$78,081.71**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Maglio, Christopher & Toale in the amount of **$78,081.71**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 21, 2017                                       s/ Laura D. Millman
                                                                                     Laura D. Millman
                                                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.